# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEIAHTY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17−cv–0302−SMY |
| ) | |
| LENEAR, ) | |
| JOHN DOE, ) | |
| JANE DOE, and ) | |
| DR. COE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Keiahty Jones, an inmate in Danville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims the defendants were, among other things, deliberately indifferent to his serious medical issues during his time at Lawrence Correctional Center, in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

**<u>The Complaint</u>**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: On December 26, 2015, Plaintiff notified Defendant C/O Lenear that he was experiencing back spasms and needed medical attention. (Doc. 1, p. 8). Lenear told Plaintiff to "suck it up" and "stop complaining" and refused to get him medical treatment. *Id.* 10 to 20 minutes later, Lenear returned and asked Plaintiff if he was ready for work. *Id.* Plaintiff told Lenear that he was in too much pain to work and that he would risk suffering greater injury if he was forced to do so. *Id.* Plaintiff also told Lenear that he was being treated for an unrelated injury that caused back spasms and required Plaintiff to wear a brace. (Doc. 1, p. 9). Lenear told Plaintiff that if he did not comply with Lenear's order to go to work, Lenear would write Plaintiff a ticket. *Id.* Lenear also told Plaintiff that his supervisor, John Doe, said Plaintiff had to work and would face disciplinary action if he refused. *Id.*

In fear of retaliation, Plaintiff went to work at the dietary hall. *Id.* His work included pushing and lifting trays, which put tremendous pressure on Plaintiff's lower back and caused sharp pains to shoot down Plaintiff's right leg. *Id.* Plaintiff informed Lenear that his spasms were unbearable while he was working, but Lenear told Plaintiff he had no choice but to work. (Doc. 1, p. 10). Plaintiff asked to speak with Lenear's supervisor, but Lenear walked away without providing the supervisor's name, though he did tell Plaintiff his supervisor was a lieutenant. *Id.*

Later, while carrying breakfast trays up the stairs, Plaintiff experienced unbearable pain to his lower back, upper back and both legs. *Id.* While on the stairs again, Plaintiff's back went into a violent spasm, and Plaintiff's body buckled under the weight of the milk and juice carts he was carrying. (Doc. 1, p. 11). Plaintiff fell down most of the stairs, hitting his head and injuring other parts of his body. *Id.* A carton of milk also fell onto his back after the fall, exacerbating Plaintiff's pain. *Id.* Plaintiff was transported to the health care unit on a stretcher. *Id.*

In the health care unit, Plaintiff was asked by Defendant Jane Doe, a nurse, about his pain. (Doc. 1, 15). When he replied that he was in too much pain to move, Nurse Jane Doe left him on the stretcher for hours and later returned with one Motrin for his pain and a 3 day medical lay-in. *Id.* Plaintiff told Nurse Jane Doe that Motrin does not work for the pain he experienced, to which she responded that Plaintiff's pain was sciatic nerve pain and that he should take the Motrin. *Id.* Although Plaintiff continued to insist that Motrin would not relieve his pain, Nurse Jane Doe refused to give him a different type of pain medication. *Id.* Plaintiff believes he would not have experienced continued pain had Nurse Jane Doe prescribed him pain medication other than Motrin. (Doc. 1, p. 16).

From December 26, 2015 through December 29, 2015, Plaintiff was denied breakfast

because Lenear ordered inmate Hutchins not to provide it to him. (Doc. 1, p. 17). Lenear made this order because he thought Plaintiff fell intentionally on December 26th. *Id.* This deprivation caused Plaintiff stomach and hunger pains. *Id.*

On December 30, 2015, Plaintiff was examined by Defendant Doctor Coe for his injuries. (Doc. 1, p. 18). Coe prescribed Plaintiff crutches, dimethazone, Tylenol 3, a muscle relaxer, naproxen, an analgesic balm and a back brace. (Doc. 1, pp. 18-19). Coe also extended Plaintiff's medical lay-in to January 9, 2016. (Doc. 1, p. 19). Plaintiff informed Coe that he had been experiencing headaches, dizziness, fatigue and loss of concentration and memory since sustaining a head injury during the fall on December 26, 2015. *Id.* Coe replied that Plaintiff's symptoms were consistent with post-concussive disorder. *Id.* When Plaintiff asked if Coe could treat him for these symptoms, Coe told Plaintiff that they would go away on their own and that Plaintiff would have to live with them. *Id.*

Several days later, Plaintiff began experiencing severe cramps, stomach pains, hardened bloody stool and vomiting. (Doc. 1, p. 20). Plaintiff notified Coe about the issue and Coe told him that there was nothing he could do about it and that Plaintiff would have to wait until he went home to deal with it with another doctor. *Id.* Coe denied all further treatment of Plaintiff after this exchange. *Id.* Plaintiff continues to suffer from emotional pain and distress, depression, headaches, dizziness, fatigue, loss of concentration and memory, leg pain, chronic upper back pain, chronic lower back pain and loss of sleep. (Doc. 1, pp. 22-23).

Plaintiff claims the defendants' actions were extreme and outrageous and taken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause severe emotional distress to the Plaintiff. (Doc. 1, p. 23). Plaintiff seeks monetary damages and a medical evaluation of his head injury. (Doc. 1, p. 25).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 5 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** On December 26, 2015**,** Defendants Lenear and John Doe showed deliberate indifference to Plaintiff's serious medical needs involving his back spasms in violation of the Eighth Amendment.

**Count 2 –** On December 26, 2015**,** Defendant Jane Doe showed deliberate indifference to Plaintiff's serious medical needs involving back, leg, and head pain in violation of the Eighth Amendment by leaving him unattended for a period of time and only offering him Motrin for his pain.

**Count 3 –** In late December 2015 and early January 2016, Defendant Doctor Coe showed deliberate indifference to Plaintiff's serious medical needs involving back, leg, and head pain, and symptoms associated with his prescription medication, in violation of the Eighth Amendment.

**Count 4 –** Defendant Lenear subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment by preventing him from receiving breakfast from December 26 to December 29, 2015.

**Count 5 –** Defendants intentionally inflicted emotional distress upon Plaintiff in violation of Illinois state law by depriving him of adequate medical care.

As discussed in more detail below, Counts 1, 3 and 5 will be allowed to proceed past threshold. Counts 2 and 4 will be dismissed for failure to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

## Count 1 – Deliberate Indifference to Medical Needs

A prisoner raising a claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively,

'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even recklessness; rather, it is satisfied only by conduct that approaches intentional wrongdoing, *i.e.*, "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

At this stage, Plaintiff has satisfied the objective standard by alleging that on December 26, 2015, he was in substantial pain, that working exasperated his injuries and that he was already being treated for an unrelated injury that caused him to wear a back brace and suffer back spasms. In alleging that Lenear was aware of all of this and not only repeatedly refused to get Plaintiff medical care, but threatened Plaintiff with discipline if he did not work, Plaintiff has also satisfied the subjective standard as to Lenear.

Plaintiff's allegations as to John Doe are far less clear. It is well established that "[f]or constitutional violations under § 1983 ... a government official is only liable for his or her own

6

misconduct." *E.g.*, *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. June 5, 2015). "This means that to recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "An inmate's correspondence to a prison administrator may . . . establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Perez*, 792 F.3d at 781-82 (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) ("[A] prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition.")). "In other words, prisoner requests for relief that fall on 'deaf ears' may evidence deliberate indifference." *Perez*, 792 F.3d at 782.

Plaintiff doesn't claim that he interacted with or otherwise communicated with John Doe about his back pain. Plaintiff does allege, however, that John Doe was aware that Plaintiff's back spasms were bothering him on December 26, 2015 and that he gave Lenear a direct order to make Plaintiff work regardless. (Doc. 1, p. 12). At this early stage, these allegations are sufficient to state a claim against John Doe for deliberate indifference.

For the foregoing reasons, Count 1 will proceed against Defendants Lenear and John Doe.

### Count 2 – Deliberate Indifference to Medical Needs

Plaintiff has also alleged an objectively serious medical need after he fell down the stairs, given the substantial pain he was in. Plaintiff has failed to implicate Jane Doe for deliberate

7

indifference to this need, however. Plaintiff argues that Jane Doe should have prescribed him pain medication other than the Motrin she offered to give him. He also notes that, after asking him if he could move, she left him on the stretcher "for hours." (Doc. 1, p. 15). However, isolated instances of delay are generally insufficient to support an Eighth Amendment claim, *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997), and the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Gallo v. Sood*, 651 F. App'x 529, 533 (7th Cir. June 1, 2016) (claim focusing on failure to give prisoner's favored medication over medication prescribed by doctor "amounts to a disagreement over treatment, which is insufficient to show deliberate indifference."). Here, Jane Doe offered Plaintiff Motrin to treat his pain. Despite Plaintiff's belief that Motrin would not work to ease his pain, her actions did not constitute deliberate indifference, particularly because Plaintiff also received multiple medications from Coe directed to ease his pain only a few days later. For these reasons, Count 2 against Defendant Jane Doe will be dismissed without prejudice.

## Count 3 – Deliberate Indifference to Medical Needs

Plaintiff has identified sufficiently serious medical conditions to potentially state a claim for deliberate indifference with respect to his head, stomach, leg, and back pain, dizziness, vomiting, bloody stool, cramps, and loss of sleep. Plaintiff has also alleged that Coe neglected to treat him for his head injury and the side effects he was experiencing from the prescribed medication, despite acknowledging that another doctor could treat it once he got out of prison. Coe's denial of care states a viable claim for deliberate indifference to a serious medical condition at this juncture, so Count 3 against Coe will proceed.

8

### Count 4 – Denial of Adequate Nutrition

A valid claim of deliberate indifference under the Eighth Amendment has both objective and subjective elements. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim an inmate must first allege that he suffered a deprivation sufficiently serious to have denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see Farmer*, 511 U.S. at 834; *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Second, the inmate must allege that the defendants were subjectively aware that their conduct was creating a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 837; *Roe*, 631 F.3d at 857.

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including ensuring that inmates receive adequate food. *Farmer*, 511 U.S. at 832; *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Withholding food from prisoners is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999); *see also Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) ("Depriving a person of food for four days would impose a constitutionally significant hardship."); *Foster v. Runnels*, 554 F.3d 807, 812–13 (9th Cir. 2009) (concluding that denial of 16 meals in 23 days was sufficient to support claim of deliberate indifference); *Reed v. McBride*, 178 F.3d 849, 853–54 (7th Cir. 1999) (concluding that first *Farmer* element was satisfied by allegation that infirm inmate was denied food for three to five days); *Simmons v. Cook*, 154 F.3d 805, 808 (8th Cir. 1998) (concluding that denial of four consecutive meals was a sufficiently serious deprivation); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *Goodloe v. Quigley*, Case No. 15-cv-938, 2015 WL 5915342 (S.D. Ill. Oct. 9, 2015) (officer depriving inmate of 3 meals in 3 days was not a constitutional violation);

*Allen v. Ramos*, Case No. 03-495-JPG, 2005 WL 1420746 (S.D. Ill. June 15, 2005) (deprivation of 2 meals in a row not a constitutional violation).

Plaintiff was allegedly deprived of 4 meals in 4 days, much like the plaintiff in *Ramos*. Though he alleges that he experienced stomach and hunger pains during this time, he does not allege that this deprivation endangered his health in any way. He also failed to allege that the presumably two meals per day he was given during the period, lunch and supper, were nutritionally inadequate. Thus, Plaintiff has not sufficiently alleged an unconstitutional denial of adequate nutrition and Count 4 will be dismissed without prejudice.

## Count 5 – Intentional Infliction of Emotional Distress

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

Plaintiff has brought a claim of intentional infliction of emotional distress against the defendants. Under Illinois law, a claim for intentional infliction of emotional distress covers only acts that are truly "outrageous," that is, an "'unwarranted intrusion . . . calculated to cause severe emotional distress to a person of ordinary sensibilities.'" *Knierim v. Izzo*, 174 N.E.2d 157, 164 (Ill. 1961) (quoting *Slocum v. Food Fair Stores of Fla.*, 100 So. 2d 396 (Fla. 1958)). *See Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). The cause of action has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a

high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker*, 256 F.3d at 490 (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp.*, *Inc.*, 610 N.E.2d 745, 749 (Ill. App. 1993). Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case. *Honaker*, 256 F.3d at 490.

The allegations in the Complaint satisfy these requirements as to Defendants Lenear, John Doe and Coe. Lenear and John Doe allegedly forced Plaintiff to work despite the fact that it caused him excruciating pain, knowing such pain would result. Coe allegedly refused to treat Plaintiff for serious medical issues despite implying that treatment was possible. Plaintiff claims that these actions, and the medical issues he has as a result, caused him substantial emotional pain, mental distress and anguish. The Court will therefore allow Plaintiff to proceed with Count 5 against these defendants. However, this claim shall be dismissed without prejudice against Jane Doe, as her actions did not rise to the level of a constitutional deprivation, nor were they "extreme and outrageous."

## Pending Motions

Plaintiff has filed a Motion to Request Counsel (Doc. 3), which is **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **LENEAR** and **JOHN DOE**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that **COUNT 3** shall **PROCEED** against **DR. COE**.

**IT IS FURTHER ORDERED** that **COUNT 4** shall be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that **COUNT 5** shall **PROCEED** against **LENEAR**, **JOHN DOE**, and **DR. COE**.

**IT IS FURTHER ORDERED** that Defendant **JANE DOE** shall be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 1**, **3**, and **5**, the Clerk of Court shall prepare for **LENEAR** and **DR. COE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **JOHN DOE** until such time as Plaintiff has identified him by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if

not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon each defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings, including a decision on Plaintiff's Motion to Request Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: May 1, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**